UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VANTRAE GREGORY,<br><br>    Petitioner,<br><br>    v.<br><br>LELAND McEWEN, Warden,<br><br>    Respondent. | No. CV 12-5384-SVW (PLA)<br><br>**ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE** |

    Petitioner initiated this action on June 21, 2012, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in this Court. The Petition challenges petitioner's 1986 state murder conviction in the Los Angeles County Superior Court. (Petition at 2). On September 6, 1994, petitioner filed an earlier habeas petition in this Court, Case No. CV 94-6047-SVW (JR), in which he challenged the same conviction. (See Petition in Case No. CV 94-6047-SVW (JR), at 3). The 1994 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on January 8, 1996. (See Judgment in Case No. CV 94-6047-SVW (JR)).[1]

---

[1] Petitioner also has a pending federal habeas petition in Case No. CV 12-1624-SVW (PLA), in which he challenges a prison disciplinary finding. (See Petition in Case No. CV 12-1624-SVW (PLA), at 3-4, 13-18).

A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 1994 federal habeas challenge, petitioner raised seven claims challenging his 1986 conviction. (See Report and Recommendation, Case No. CV 94-6047-SVW (JR), at 6). As mentioned above, the action was dismissed on the merits with prejudice. (See Judgment; Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge, Case No. CV 94-6047-SVW (JR)). Petitioner's subsequent petition for a certificate of probable cause was denied by this Court on May 17, 1996.

In the instant Petition, petitioner again challenges his 1986 conviction, and asserts as his sole ground for relief that his due process rights were violated when the prosecutor allowed two

witnesses to give false testimony. (Petition at 5, 9). Even if it were found that the claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B),[2] petitioner is still required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not presented any documentation showing that he has filed the requisite motion in the Ninth Circuit and received the requisite authorization to file a successive petition, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 798, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing

/
/
/
/
/
/
/
/
/
/

---

[2] Petitioner states on page 2 of the Petition that the Petition concerns "new evidence corroborating that [prosecution witnesses] Michael Smith and Pamela Hillman were paid by ... the investigator for [the] prosecutor." (Petition at 9). However, it may be that the factual predicate of the new evidence claim petitioner raises in the instant Petition "could have been discovered at the time of his trial through the exercise of due diligence." See Ford v. Gonzalez, __ F.3d __, 2012 WL 2512938, at *4 (9th Cir. July 2, 2012) (holding, in the context of the AEDPA's statute of limitations and 28 U.S.C. § 2244(d)(1)(D), that the petitioner through the exercise of due diligence could have discovered the factual predicate of his claims alleging that a witness for the prosecution received a "deal" from the police in exchange for testifying against petitioner; defense counsel had remarked at trial that he wanted to argue to the jury that the witness testified "because she was expecting a deal from the DA's office," and petitioner's wife likely was aware of the witness's "various criminal cases and their dispositions"). Here, it appears that petitioner was aware that these two witnesses would be called by the prosecution (see Petition at 9 & Ex. 1 at 3), and defense counsel asked Smith at trial whether "any promises [had] been made to [him] by any law enforcement agency for [his] testimony." (See Petition at 5 & Ex. 2).

a second habeas petition); Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'"). Absent the requisite authorization from the Ninth Circuit allowing a successive petition, the instant Petition must be dismissed without prejudice. See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).[3]

IT IS THEREFORE ORDERED that this action be **dismissed without prejudice**.

DATED: February 5, 2013

HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

[3] On August 13, 2012, the Court received petitioner's "Supplemental Motion In Support of Habeas Corpus" ("Motion") and attachments. In the Motion, petitioner requests that the Court "supplement" his Petition with those attachments -- a report of a Los Angeles County grand jury investigation into the role of jailhouse informants in Los Angeles County, and payment sheets from "the Witness Protection Program" reflecting that Michael Smith and Pamela Hillman were paid in petitioner's case. Motion at 1, Ex. A & Ex. B at 13-14; Petition at 2. Petitioner already included the relevant pages of the payment sheets in the Petition. Compare Petition, Ex. 3 with Motion, Ex. B at 13-14. As for the report, petitioner states in the Motion that it is "mentioned in [the] [P]etition." Motion at 1. Petitioner alleges in the Petition that Smith spoke to detectives while in county jail, and that Hillman spoke to the police prior to her husband's release from jail, although the report does not specifically mention petitioner or either witness. See Petition at 14; Motion, Ex. A.

On August 20, 2012, petitioner filed a "Motion For Leave To Amend Petition ... And For Court To Stay ... Petition" ("Motion to Stay"), in which he "requests leave to ... amend [the] [P]etition [by adding] unexhausted claims [he is currently exhausting] in state court and for [the] court to stay [the] amended petition pending completion of [the exhaustion of his] claim(s)." Motion to Stay at 1. Petitioner attaches to the Motion to Stay a copy of a habeas petition he filed in the California Supreme Court on July 5, 2012, in which he alleges that his trial counsel was ineffective for failing to discover that Smith and Hillman were paid by the prosecutor, and that appellate counsel was ineffective for failing to raise this issue on appeal. See Motion to Stay, Ex. A at 3-4, 7. Petitioner asserts that both claims "relate back" to his sole ground in the Petition under Mayle v. Felix, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

Neither Motion impacts on the Court's determination herein that the Petition is successive. The Motions are therefore **denied**.